A. D. KENAMOND, Judge.
*115 Claimant William Flynn states in his petition that on the night of January 21, 1952, he was walking home and it was necessary for him to walk over the highway bridge spanning Stone Coal Creek on the secondary road at Lego, West Virginia; that the bridge had no section set apart as a sidewalk for pedestrians; and that while crossing the bridge a car came from the opposite direction and forced him off the bridge and into the creek bed, resulting in personal injuries that entailed hospitalization for a period of nine weeks and disabled him from his job as a coal loader from January 21, 1952 till August 4, 1952. He seeks damages in the sum of $2500.00.
Testimony as to the damages sought, adduced from the claimant, for the purpose of making a reasonable award, in the event of an award, showed that his hospital expenses had been paid from miners’ insurance and that, since he received no other benefits during his disabilty, he did suffer loss of wages for nearly six and one-half months to the total amount of approximately $1600.00.
C. E. Allen, state road maintenance engineer, testifying for the respondent, stated that the bridge over Stone Coal Creek at Lego is not provided with a sidewalk for pedestrians, and cited legal opinion to the effect that the erection and maintenance of a sidewalk on any particular bridge is left to the discretion of the state road commission. Carl N. Montgomery, state road commission safety director, gave the length of the bridge as 20 feet, its width as 17 feet 8 inches, on both sides of which are vehicular traffic rails 9 by 9 inches, and the distance from the middle of bridge to creek bed as approximately 10 feet. These measurements were in practical agreement with the estimates of claimant.
The time of the accident must have been only a few minutes after midnight on the morning of January 21,1952. Claimant said he had been at night service at church, had afterward stopped at the home of some of the folks, and set out toward the bridge about eleven-thirty o’clock. The night was dark, so dark that he could not see when he was entering on the bridge. He carried no light to guide his footsteps or to warn automobile drivers of his pres *116 ence on the highway, though he had at times previously carried such a light. Considering the nature of the bridge, it would have been no more than ordinary prudence on this occasion. Seemingly he was too much accustomed to the bridge for his own safety. He had lived in its vicinity for some nine years and had crossed the bridge a thousand times. Even in the dark he had gotten on the bridge and was confident of being on its left side approaching traffic, about halfway across when he was crowded off the bridge by an automobile coming from the opposite direction. If the driver of the automobile saw the claimant on the bridge ahead or being crowded over its side, he successfully avoided apprehension by the hit-and-run method.
Before nearing the bridge claimant saw automobile lights on the hill beyond. A little later he saw the approaching car about 100 yards beyond the bridge. Considering the darkness of the night and the nature of the bridge, counsel for respondent suggested it would have been an act of prudence on the part of claimant to cover the distance of 10 feet to one end of the bridge, and thus be off the bridge before the car approached it.
Taken as a whole the evidence is not strong enough to support the claim that the state road commission’s failure to maintain a sidewalk on the Stone Coal Creek bridge at Lego was the proximate cause of claimant’s injury. Considering all the circumstances it is the opinion of this court that the claimant took a long chance in attempting to cross the bridge without a light even when no vehicular traffic was involved, and an even longer chance when he had warning that a vehicle was approaching. It is recognized that few people act with prudence on all occasions, which is all the more reason for regretting the claimant’s unfortunate accident and resulting suffering and loss, but not a proper basis on which to ask the Legislature to make an appropriation.
An award is therefore denied.